```
                                             X  FILED        ___ ENTE…
                                             ___ LOGGED      ___ RECE…
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FEB 0 9 2026

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| UNITED STATES OF AMERICA | * | |
|---|---|---|
| | * | |
| v. | * | CRIMINAL NO. 1:26-mj-00330-JMC |
| | * | |
| ISMAEL REYES-MEDINA | * | |
| | * | |

*******

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Officer Charles Gibbs, being duly sworn, deposes and states the following:

1. I am a Deportation Officer with United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since December 2015. I am authorized by law to interrogate, arrest, search, and seize aliens who are unlawfully present in the United States pursuant to Title 8, United States Code, Section 1357. Throughout my career, I have been involved in the investigation of numerous cases involving the illegal reentry of aliens into the United States.

2. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the ICE investigative file, including the defendant's criminal history record; and from reports of other enforcement officers involved in the investigation.

3. Because I have submitted this Affidavit for the limited purpose of establishing probable cause, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause.

4. This Affidavit is submitted in support of a criminal complaint and arrest warrant for Ismael Reyes-Medina ("REYES-MEDINA" or "the defendant"), charging him with reentry after removal in violation of 8 U.S.C. § 1326(a).

## PROBABLE CAUSE

5. The defendant is a citizen and national of Mexico, and not a native, citizen or national of the United States.

6. On or about unknown date and time before January 8, 2026, the defendant entered the United States at or near an unknown location without inspection by an immigration officer.

7. On April 29, 2011, United States Border Patrol arrested REYES-MEDINA at or near Nogales, Arizona and issued him a Notice and Order of Expedited Removal, Form I-860, pursuant to section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA). On May 2, 2011, ERO Florence removed REYES-MEDINA from the United States to Mexico.

8. On seven separate occasions after he was removed from the United States on May 2, 2011, the defendant subsequently re-entered the United States, was encountered by law enforcement, was issued a Notice to Reinstate a Prior Order of Removal, Form I-871, in violation of 241(a)(5) of the Immigration and Nationality Act, and was removed from the United States to Mexico as indicated below:

| Encounter Date | Location | Removal Date |
| --- | --- | --- |
| December 15, 2011 | Brownsville, Texas | December 16, 2011 |
| December 18, 2011 | Brownsville, Texas | December 19, 2011 |
| May 31, 2013 | Calexico, California | June 1, 2013 |
| June 9, 2013 | Nogales, Arizona | September 21, 2013 |
| April 1, 2014 | Mission, Texas | April 19, 2014 |
| August 22, 2014 | Brownsville, Texas | August 23, 2014 |
| September 6, 2014 | Sarita, Texas | September 8, 2014 |

9. On or about December 19, 2011, the defendant was convicted in the United States District Court for the Southern District of Texas Brownsville Division of improper entry by alien,

2

in violation of 8 U.S.C. Section 1325(a)(1), for which he was sentenced to supervision for a period of one year.

10. On or about June 12, 2013, the defendant was convicted in United States District Court District of Arizona, Tucson Division of illegal entry, in violation of 8 U.S.C. Section 1325(a)(1), for which he was sentenced to one hundred five days with credit for time served.

11. On or about April 3, 2014, the defendant was convicted in the United States District Court for the Southern District of Texas McAllen Division of improper entry by alien, in violation of 8 U.S.C. Section 1325(a)(1), for which he was sentenced to twenty days and given credit for time served.

12. On or about September 8, 2014, the defendant was convicted in the United States District Court for the Southern District Court of Texas Brownsville Division of improper entry by alien, in violation of 8 U.S.C. Section 1325(a)(1), for which he was sentenced to probation without supervision for a period of two years.

13. On or about January 8, 2026, the defendant was encountered by law enforcement as a result of an area enforcement operation, at 3217 Eastern Boulevard, Middle River, Maryland, which is in the District of Maryland. Record checks in National Law Enforcement Telecommunications System (NLETS) were conducted on a silver 2006 Volkswagen Jetta bearing Maryland license plate #4GK5932. This vehicle came back registered to an individual identified as "Ismael Reyes-Medina." A traffic stop was conducted, and the defendant was found driving said vehicle.

14. Further checks in other law enforcement databases, to include the Treasury Enforcement Communications System (TECS) and Person Centric Query Services (PCQS), revealed that the defendant has an alien registration number A201277144. These checks revealed

that the defendant is an inadmissible alien from Mexico present in the United States without any immigration document or permission from the Attorney General. At this time, the defendant was placed under arrest.

15. The defendant was taken to ERO Baltimore for processing where fingerprint analysis was conducted. An ICE official with fingerprint analysis training compared the fingerprints taken in connection with the defendant's January 8, 2026, arrest with the fingerprints taken in connection with the defendant's 2005, 2011, 2013, and 2014, apprehensions in the Automated Biometric Identification (IDENT) system. This is DHS's central repository for storing, matching, and sharing biometric data including fingerprints, facial images, and iris scans—for identity management. After analysis, it was determined that the fingerprints taken from the defendant were a match, indicating they were made by the same person and confirming his inadmissible status.

16. There is no record that, following the prior deportation, the defendant ever obtained permission to reenter the United States from the Secretary for Homeland Security, the United States Attorney General, or any other authorized official.

## CONCLUSION

17. Accordingly, pursuant to the facts set forth above, I submit that probable cause exists for the issuance of a criminal complaint and warrant for the arrest of Ismael Reyes-Medina, an alien who previously had been removed, knowingly entered and was found in the United States without having obtained the express consent of the Attorney General of the United States or his successor, the Secretary for Homeland Security, to reapply for admission in the United States as required by law, in violation of 8 U.S.C. § 1326(a).

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Charles R. Gibbs
Supervisory Detention and Deportation Officer
U.S. Immigration and Customs Enforcement

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) this ___6___ day of February, 2026.

_____
Honorable J. Mark Coulson
United States Magistrate Judge